IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| BADGER CONTRACTING, INC., NC d/b/a BADGER TREE SERVICE INC, | : : : : | |
| Plaintiff, | : | |
| v. | : : | CASE NO: 7:24-cv-52-WLS |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | : : : | |
| Defendant. | : : | |

## ORDER

On May 24, 2024, State Farm Mutual Insurance Company ("State Farm") filed a Notice of Removal (Doc. 1) ("Notice") removing this case from the Superior Court of Lowndes County, Georgia, to this Court.

State Farm asserts this Court has diversity jurisdiction because the controversy between plaintiff and defendant is a controversy between citizens of different states. (Doc. 1 ¶ 5-6) State Farm further states:

> Based upon the allegations in plaintiff's complaint, the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs, and is a civil action brought in a state court over which the United States District Court has original jurisdiction based upon diversity of citizenship between the parties, pursuant to 28 U.S.C. § 1332.
>
> Said action is one which may be removed to this Court, and this notice of removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446.

(Doc. 1 ¶¶ 7-8)

Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" State Farm contends diversity jurisdiction exists based on allegations in the complaint. However, Plaintiff Badger Contracting, Inc., NC, ("Badger") requests that Defendant State Farm be ordered to pay Badger $29,102.46 (the balance due on the contract),[1] plus late fees and interest. State

---

[1] The total amount of the original contract was $47,675.00. (Doc. 1-2 ¶ 12)

1

Farm does not include its calculations to support its assertion that the amount in controversy in this case exceeds $75,000 so as to meet the requirements for diversity jurisdiction.

"[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Accordingly, for the Court to properly evaluate whether subject matter jurisdiction exists in this case, it is hereby **ORDERED** that:

1. On or before **Monday, July 1, 2024**, State Farm shall supplement its Notice of Removal to provide its calculations and arguments supporting its assertion that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1).

2. Badger may respond to the supplemental Notice of Removal on or before **Monday, July 8, 2024**.[2]

**SO ORDERED**, this 24th day of June 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] The Court is aware of the pending motion to stay discovery, motion to dismiss, and motion for hearing filed on behalf of State Farm in this matter. Those matters will be held in abeyance pending resolution of the Court's jurisdictional questions.