IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| BADGER CONTRACTING, INC., : <br> d/b/a BADGER TREE SERV. INC, : <br>     Plaintiff, : <br> : <br> v. : <br> : <br> STATE FARM MUT. AUTO. INS. CO., : <br>     Defendant. : <br> _____ : | CASE NO: 7:24-CV-52-WLS |

## ORDER

Pending before the Court is Plaintiff Badger Contracting's Motion to Remand (Doc. 18). Defendant State Farm filed its Response in Opposition (Doc. 26), and Plaintiff filed its Reply (Doc. 28). For reasons further explained below, Plaintiff's Motion to Remand (Doc. 18) is **GRANTED**. Accordingly, the pending Motions (Docs. 7; 9; 22) are **DISMISSED WITHOUT PREJUDICE**, and the case is remanded back to the Superior Court of Lowndes County.

### RELEVANT BACKGROUND & PROCEDURAL HISTORY

Plaintiff Badger Contracting initially filed a lawsuit against Defendant State Farm in the Superior Court of Lowndes County, Georgia in March of 2024. (Doc. 1-2). Plaintiff alleges that "harsh weather" passed through Valdosta, Georgia, which caused the trees to fall directly on Ms. Linda Campbell's residence. (*Id.* at 3). Thus, Ms. Campbell called Plaintiff about performing services on damages caused by the trees. (*Id.*) On September 2, 2024, Ms. Campbell signed a contract, authorizing Plaintiff to remove the trees that fell and damaged her house. (*Id.*) Said contract had a provision in which Ms. Campbell would assign the benefits for removal of the trees to Plaintiff Badger, which gave Plaintiff standing to sue State Farm for failure to pay what is owed under Linda Campbell's insurance policy. (*Id.*)

On September 9, 2023, Plaintiff performed the services that it agreed to do pursuant to the contract with Ms. Campbell. (*Id.* at 4). The total amount owed to Plaintiff came out to be $47,675.00. (*Id.*) Plaintiff created an invoice, which details the services it performed. (*Id.*)

1

Defendant State Farm made a partial payment of $18,572.54 to Plaintiff but left a balance of $29,102.46. (*Id.*) Plaintiff alleges that no explanation was provided as to why Defendant only made a partial payment of $18,572.54. (*Id.* at 5).

As a result, on March 20, 2024, Plaintiff initiated the suit against Defendant to recover the rest of the amount allegedly due in the Superior Court of Lowndes County, alleging claims of breach of contract and bad faith. (*Id.*) Defendant timely filed its Notice of Removal (Doc. 1) to this Court. Soon after, Defendant filed a Motion to Dismiss for Failure to State a Claim (Doc. 7) and a Motion for Hearing on that Motion (Doc. 9). Subsequently, Plaintiff filed the instant Motion to Remand (Doc. 18), requesting the Court to remand the case to the Superior Court of Lowndes County.

The Court entered an Order (Doc. 19), instructing Defendant to supplement its Notice of Removal by providing calculations and arguments that support Defendant's assertion that the amount in controversy in this matter exceeds $75,000. Defendant filed its Supplement (Doc. 23). Plaintiff filed its Answer in Opposition (Doc. 24). Defendant then filed a Reply (Doc. 29), which merely states that Defendant will incorporate the arguments that it presented in its prior Response in Opposition (Doc. 26) to Plaintiff's Motion to Remand.

In the instant Motion to Remand (Doc. 18), Plaintiff contends that this Court does not have subject matter jurisdiction over the case because the amount in controversy cannot and does not exceed $75,000. Plaintiff also contends that it is not seeking a claim of a specific amount for interests, costs such as attorney's fees, and late fees, and is only asking for the outstanding balance of $29,102.46, which is less than the jurisdictional amount. (*Id.* at 4–5).

To this, Defendant contends that the amount in controversy exceeds $75,000 because Plaintiff's request for damages includes late fees, bad faith fees, and attorney's fees. (Doc. 26, at 3). Defendant added attorney's fees and other fees to the specific sum requested by Plaintiff is an attempt to establish the required amount in controversy. (*Id.* at 4). However, Plaintiff contends that Defendant fails to show exactly how the proposed late fees, bad faith penalty fees, and costs have been calculated and that calculation of these fees by Defendant is not "readily evident" from the Complaint. (Doc. 28, at 1–2).

The issue before the Court is whether Defendant may attempt to meet the amount-in-controversy requirement by adding other fees, even though Plaintiff has requested a specific amount that is well below the jurisdictional amount. The short answer is no. Thus, Plaintiff's Motion to Remand (Doc. 18) is **GRANTED** and the pending Motions (Docs. 7; 9; 22) are **DISMISSED WITHOUT PREJUDICE**.

## LAW

A defendant may remove a case to federal court based on diversity jurisdiction if the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332(a), 1441(a). Here, the only disputed issue is the amount in controversy and whether that requirement has been met.

## DISCUSSION

Plaintiff's Complaint seeks a specific amount of $29,102.46. Yet Defendant contends that the aggregate potential damages exceed $75,000 once the late fees, attorney's fees, and other interest fees and costs are considered. The Court disagrees with Defendant.

To begin, the Court finds that the language of the diversity jurisdiction statute makes clear that the jurisdictional minimum is <u>exclusive</u> of interest and costs. 28 U.S.C. § 1332(a) ("[D]istrict courts shall have original jurisdiction of any civil action where the matter in controversy exceeds the sum or value of $75,000, <u>exclusive</u> of interests and costs. . . ) (emphasis added).

Next, if a complaint requests a specific amount of damages that is less than the diversity jurisdictional prerequisite, that claim amount is entitled to deference[1] and the removing party bears the "heavy" burden to prove "to a legal certainty" that plaintiff's claim <u>must</u> exceed $75,000. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (stating that defendant "must prove to a legal certainty" that plaintiff's claim exceeds $75,000 as it is defendant's "heavy" burden to prove that jurisdiction exists despite plaintiff's express claim to less than the minimum jurisdictional sum). *Id.*

In addition, the general rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353

---

[1] "While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still master of his own claim." *Burns*, 31 F.3d at 1095.

3

(1961). This is because for "purposes of determining the existence of jurisdiction, plaintiff's complaint is the primary source." *Etheridge v. Piper Aircraft Corp.*, 559 F.2d 1027, 1028 (5th Cir. 1977). When a district court determines whether diversity jurisdiction exists, it assesses whether, at the time of removal, the amount-in-controversy requirement is met. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

Here, Plaintiff alleged specific damages amount of $29,102.46, which is clearly below the jurisdictional minimum. Plaintiff's Complaint also alleges that the total cost of Plaintiff's performance costs $47,675.00, but that Defendant already made a partial payment of $18,572.54, which is why Plaintiff is now seeking to collect the rest of the balance of $29,102.46. (Doc. 1-2, at 5). Thus, the Court finds that no jurisdiction exists on the face of Plaintiff's specifically requested amount. *Burns*, 31 F.3d at 1095.

Because the amount claimed in Plaintiff's complaint is entitled to deference, Defendant must prove "to a legal certainty" that Plaintiff's claims must be worth more than $75,000. *See Burns*, 31 F.3d at 1095. But Defendant contends that the amount in controversy amounts to $85,561.22, if late fees and attorney's fees pursuant to O.C.G.A. § 13-6-11 are included. Defendant's calculations include fees for breach of contract; 5% late fees; bad faith penalty fee under O.C.G.A. § 33-4-6, and attorney's fees under O.C.G.A. § 13-6-11.

But the Court finds late fees or charges as irrelevant in calculating the amount in controversy. *Owners Ins. Co. v. McClung*, No. 2:02-CV-168, 2003 WL 23190907, at *2 (N.D. Ga. Dec. 22, 2003); *Jackson v. Am. Gen. Fin. Servs., Inc.*, No: 7:06-CV-19-HL, 2006 WL 839092, at *1 (M.D. Ga. Mar. 27, 2006). The Court also declines to consider the demand for attorney fees to determine whether Defendant satisfied the amount in controversy. Plaintiff's complaint does not allude to attorney's fees based on a contingency fee contract. Plaintiff request fees under O.C.G.A. § 13-6-11, which permits a jury to award attorney fees where plaintiff has specifically requested fees, and defendant has acted in "bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expenses[.]" O.C.G.A. § 13-6-11. What a jury may or may not award is speculation. Likewise, the Court also declines to consider Defendant's proposed bad faith penalties under O.C.G.A. § 33-4-6 because "the existence of bad faith under O.C.G.A. § 33-4-6 is ordinarily a question for a jury [.]" *Baird v. State Farm Fire and Cas. Co.*, No. 1:18-CV-565-AT, 2019 WL 13060147, at *5 (N.D. Ga. Aug. 12, 2019) (citing

O.C.G.A. § 33-4-6(a)) (quoting *Transp. Ins. Co. v. Piedmont Constr. Grp., LLC.*, 686 S.E.2d 824, 828 (Ga. Ct. App. 2009).

Upon review of Defendant's arguments and proposed calculations, the Court finds that they are nothing more than arbitrary calculations and allegations without any basis for use in the present case. *Leonard v. Enter. Rent a Car*, 279 F. 3d 967, 972 (11th Cir. 2002) (citation omitted) ("A conclusory allegation . . . that the jurisdictional amount is satisfied . . . is insufficient to meet the defendant's burden); *Burns*, 31 F.3d at 1097. Therefore, the Court finds that Defendant fails to prove to a legal certainty that Plaintiff's claim exceeds $75,000.00. and concludes that it lacks subject matter jurisdiction.

## CONCLUSION

For the aforementioned reasons, Plaintiff's Motion to Remand (Doc. 18) is **GRANTED**. Accordingly, this case is **REMANDED** to the Superior Court of Lowndes County. Because the case is being remanded, the Court declines to rule on the pending Motions to Dismiss (Doc. 7); Motion for Hearing (Doc. 9); and Motion for Leave to File Amended Complaint (Doc. 22). These Motions (Docs. 7; 9; 22) are thus **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 5th day of August 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**